**NOT FOR PUBLICATION**



# FILED

JAN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

RUTH X. ASCENCIO-RODRIGUEZ;
JONATHAN S. RODRIGUEZ-
ASCENCIO; EDUARDO A.
RODRIGUEZ-ASCENCIO,

Petitioners,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

No.    18-73331

Agency Nos.        A208-891-727
                   A208-891-728
                   A208-891-729

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2021**
San Francisco, California

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[***] District Judge.

Petitioner Ruth X. Ascencio-Rodriguez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her and her two minor sons' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted). Factual findings, including adverse credibility determinations, are also reviewed for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the substantial evidence standard, an agency determination must be upheld "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1

---

[***] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

2

(1992)). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. The IJ based its conclusion on a number of inconsistencies between Petitioner's testimony at her individual hearing and other record evidence. For example, Petitioner stated during her hearing that, in October 2015, a gang member held one of her sons outside a grocery store and would not let go of him. But in her written application, she claimed that the October 2015 incident involved gang members coming to her home and holding a gun to her head. Petitioner's failure to mention the harm to her son—who is a rider to her asylum application—is not a trivial detail but rather a new allegation that tells a more compelling story of the persecution of her family by gang members. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of

persecution than [the] initial application.'" (alteration in original) (quoting

*Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)).

Petitioner's argument that the IJ erroneously relied on minor inconsistencies also lacks merit. "Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). Petitioner provided multiple conflicting accounts regarding the threat she allegedly received in February 2016. Taken together, these inconsistencies indicate a pattern that the IJ was entitled to consider in assessing her credibility. *See, e.g.*, *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (citations omitted) ("[Petitioner's] inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination.").

Nor did the IJ err in finding Petitioner's testimony internally inconsistent. Despite Petitioner's claimed fear of reporting her claims to the Salvadorian government, her testimony indicated that the authorities investigated her husband's claim of extortion, patrolled her neighborhood, and encouraged her to file a police report after the February 2016 incident. Thus, the record does not compel a contrary conclusion; indeed, the record squarely supports the IJ's reliance on

4

Petitioner's internally inconsistent testimony in making the adverse credibility determination.

Finally, in her opening brief, Petitioner does not challenge the BIA's determination that she failed to establish eligibility for CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Petitioner has therefore waived any challenge to the BIA's denial of her claim for CAT relief.

**PETITION DENIED.**